**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| R. ALEXANDER ACOSTA, : <br> SECRETARY OF LABOR : <br> UNITED STATES DEPARTMENT OF LABOR, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CLARENDON HOLDINGS, LLC, A : <br> CORPORATION, FAIRFAX STATION : <br> HOLDINGS, LLC, A CORPORATION, : <br> AND MR. VIJAH DODDI, Individually : <br> : <br> : <br> Defendants. : | Civil Action No.   1:18-cv-00128 |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Defendants from violating the provisions of Sections 7, 11(c), 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants Clarendon Holdings, LLC; Fairfax Station Holdings, LLC; and Vijah Doddi, individually and as President (collectively "Defendants") in the total amount of back wage compensation found by the Court to be due to the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Clarendon Holdings, LLC is, and, at all times hereinafter referenced, was registered as a corporation in Virginia since December 2006. Defendant Fairfax Station Holdings, LLC, is and at all times hereinafter referenced, was registered as a corporation in Virginia since July 2008. Vijah Doddi is the President and owner of Clarendon Holdings, LLC and Fairfax Station Holdings, LLC. Clarendon Holdings, LLC has its principal office at 1413 South Fern Street, Unit 6, Arlington, Virginia. Fairfax Station Holdings, LLC has its principal office at 10955 Fairfax Boulevard Suite 102, Fairfax, Virginia. Both offices are within the jurisdiction and venue of this Court.

III.

Defendant Doddi is and, at all times hereinafter referenced, was the owner of Clarendon Holdings, LLC and Fairfax Station Holdings, LLC. Defendant Doddi supervises and directs the work of all the employees of the Company and is involved in the hiring, firing, and scheduling of employees. Defendant Doddi has acted directly or indirectly in the interest of Clarendon Holdings, LLC and Fairfax Station Holdings, LLC in relation to its employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

IV.

At all times hereinafter mentioned, Defendants Clarendon Holdings, LLC and Fairfax Station Holdings, LLC have been enterprises within the meaning of Section 3(r) of the Act, in that Defendants were, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities were constituted (and/or were related to) the running of the business that serves food and beverages, in furtherance of the business purposes of Defendants' unified business entity.

At all times hereinafter mentioned, Defendants Clarendon Holdings and Fairfax Station Holdings have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that Defendants have employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. Defendants' employees engaged in commerce or in the production of goods for commerce, including employees handling food and beverages and processing credit card transactions on a regular and recurring basis.

V.

Between July 6, 2014 and July 1, 2017 (hereinafter referred to as the "period of investigation"), Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for

commerce, for workweeks longer than 40 hours per week without compensating said employees in such workweeks at rates not less than one and one-half times their regular rate.

Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

VI.

By their actions and omissions described in the preceding paragraph, Defendants willfully violated sections 7 and 15(a)(2) of the Act. Defendants knew or had reason to know that their actions violated the FLSA.

VII.

During the period of investigation, Defendants repeatedly and/or willfully violated provisions of the Act as alleged in paragraphs V through VI above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

VIII.

As a result of the violations alleged in paragraphs V through VI above, amounts are owed for certain present and former employees, including the persons specifically identified in Schedule A attached to Plaintiff's Complaint. Additional amounts may be due to other employees employed by the Defendants whose identities are not now known to the Plaintiff.

IX.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from prospectively violating the provisions of Sections 7, 11(c), 15(a)(3) and 15(a)(5) of the Act.

2. For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of July 6, 2014 through July 1, 2017, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after June 3, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| Mailing Address: | Respectfully submitted, |
| | |
| Oscar L. Hampton III<br>Regional Solicitor<br>U.S. Department of Labor<br>201 12th Street South | Kate O'Scanlainn<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| Arlington, VA 22202-5450<br>(202) 693-9393<br>Fax: (202) 693-9392<br>Barefield.karen@dol.gov | Samantha N. Thomas<br>Associate Regional Solicitor |
| Date: February 6, 2017 | |
| | /s/Karen Barefield<br>Karen Barefield<br>Trial Attorney<br>Virginia State Bar No. 42572<br><br>U.S. DEPARTMENT OF LABOR<br>Attorneys for Plaintiff |

SCHEDULE A

1. Meaza B. Abera
2. Misrake Amare
3. Lamichhane Bhatarai
4. Shaheen Bushra
5. Kwon Caroline
6. Goshu Dagmawi
7. Mekdes Dessalegn
8. Soto Dilma
9. Tigiest Endeshaw
10. Kassa Eyob
11. Gudeta Gete
12. Mansour Jaklin
13. Mulu Kebede
14. Shrestha Kumari
15. Islam Manowara
16. Khakurel Narayan
17. Subedi Niraj
18. Dhungel Nutan
19. Dhami Parash
20. Chhetri Srishti
21. Nazareth Tadesse
22. Bantayehu Woju